IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARTER GRIFFITH,<br>    *Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | Civil Action No. 4:22-cv-828 |
| UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§ | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Carter Griffith, hereinafter called Plaintiff, complaining of and about United States of America d/b/a United States Postal Service, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### NATURE OF THE CASE

1. Plaintiff Carter Griffith and Defendant were involved in a serious collision in Collin County, Texas. This is a negligence case against Defendant.

### PARTIES AND SERVICE

2. Plaintiff, Carter Griffith, is an individual whose address is 919 Clove Glen Court, Lucas, Texas 75002.

3. The last three numbers of Carter Griffith's driver's license number are 529. The last three numbers of Carter Griffith's social security number are 916.

4. Defendant UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE is a governmental agency doing business in the State of Texas and may be duly served with citation and a copy of this Petition by serving Brit Featherston, Esq., Acting United States

Attorney for the Eastern District of Texas (or the current United States Attorney for the Eastern District of Texas) at 550 Fannin Street, Suite 1250, Beaumont, Texas 77701-3103, and by forwarding a true and correct copy of the Citation and Plaintiff's Original Complaint to the United States Attorney General, The Honorable Merrick Garland, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001 (via certified mail return receipt requested.)

## JURISDICTION AND VENUE

5.  This District Court has original jurisdiction of this civil action pursuant to 39 U.S.C. §409(a). This Federal District Court has jurisdiction of this case because this action is brought under 28 U.S.C. §1346 (b) and 28 U.S.C. §§2671-2680 et. seq. known as the "Federal Torts Claims Act," that vests subject matter jurisdiction of Federal Torts Claims in the Federal District Court.

6.  **VENUE** is proper, pursuant to 28 U.S.C. §1391(e) in this district and division, as all events or omissions giving rise to this claim have occurred in this district and the USPS is the Defendant.

7.  **LIABILITY OF THE UNITED STATES POSTAL SERVICE**. This case is commenced and proceeding pursuant to the 28 U.S.C. §§2671-2680, known as the "Federal Tort Claims Act." Liability is predicated on 28 U.S.C. §1346(b)(1) and 28 USC §2674, because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts, or omissions of employees, agents and/or representatives of the USPS in Dallas County, Texas while acting within the scope of their office and employment.

8.  **JURISDICTION PREREQUISITES**. Pursuant to 28 U.S.C. §2672 and U.S.C. §2675(a), Plaintiff pleads that the claim set forth herein was filed with and presented administratively by Standard Form 95 on or about March 10, 2022. The USPS acknowledged the

claim on March 11, 2022. The USPS has not yet adjudicated the claim nor had any further correspondence with the Plaintiff regarding the claim. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement of this litigation.

9. Pursuant to 39 U.S.C. §409, jurisdiction is appropriate venue for this lawsuit. The court has jurisdiction of this Federal Tort Claim Act under 28 U.S.C. 1346.

## FACTS

10. On or about April 8, 2020, Plaintiff was traveling southbound on Orr Road in Collin County Texas.

11. Defendant's employee driver, failed to pay attention to the road and the vehicles ahead, failed to yield the right of way, failed to clear the intersection of vehicles properly, made an improper "U-Turn" and violently crashed into the Plaintiff's vehicle.

12. USPS employee (named Courtnee Wills to the best of Plaintiff's knowledge) was in the course and scope of her employment with USPS.

13. As a direct result of this collision, Plaintiff Carter Griffith was caused to suffer significant injuries and damages.

14. The collision referred to above was a proximate cause of the injuries and damages to Plaintiff Carter Griffith, for which he now sues.

15. Defendant USPS' employee driver had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Carter Griffith's injuries were proximately caused by Defendant USPS' employee driver negligent, careless, and reckless disregard of said duty.

17. The negligent, careless, and reckless disregard of duty of Defendant USPS'

employee consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant USPS' employee failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B. In that Defendant USPS' employee failed to yield as a person of prudent care would have done;

C. In that Defendant USPS' employee failed to turn the motor vehicle in an effort to avoid the collision complained of;

D. In that Defendant USPS' employee failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Willis' motor vehicle which would permit Defendant USPS' employee to bring the motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

E. In that Defendant USPS' employee failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

F. In that Defendant USPS' employee was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

G. In that Defendant USPS' employee failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question; and

H. In that Defendant USPS' employee failed to stop, yield, and grant immediate use of the intersection to Plaintiff's motor vehicle after it had entered the intersection to conform to the Official Traffic-Control Device - i.e., a stop sign erected by public authority.

I. In that Defendant USPS' employee *violated Texas Transportation Code §545.401 – Reckless Driving*, by operating his vehicle in a willful or wanton disregard for the safety of others, and specifically, Carter Griffith among other failures.

18. At the time of this collision, USPS's employee driver was acting in the course and scope of her employment for USPS, which also owned, operated and/or maintained the subject postal service vehicle.

19.   In addition, or in the alternative, USPS's employee driver was negligent per-se, in the operation of his postal service vehicle, and violated one or more of the following Texas Transportation Code sections:

a. §545.060 - Failing to keep the vehicle within proper lane of traffic; and

b. Such other violates of the Transportation Code as may be revealed in discovery and proven at the time of trial of this cause.

20.   Each of the above acts of negligence and gross negligence of Defendant USPS' employee driver was a proximate cause of this collision, the damages, and the severe and debilitating injuries suffered by Carter Griffith.

### INJURIES AND DAMAGES FOR PLAINTIFF CARTER GRIFFITH

21.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Griffith was caused to suffer numerous physical injuries, including injuries to and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Collin County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Mental anguish in the past; and

H. Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Carter Griffith, respectfully prays that Defendant USPS be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE MCCRAW LAW GROUP**

By: /s/   Charlie Ginn
John C. (Charlie) Ginn
Texas Bar No. 24088878
Bryce Hopson
Texas Bar. 24087747
1504 First Avenue
McKinney, Texas 75069
Tel. (972) 854-7900
Fax (972) 332-2361

**For E-Filing Service:**
efileMLG@mccrawlawgroup.com

*All court filings including pleadings, discovery, notices, motions & orders must be served at efileMLG@mccrawlawgroup.com or service is not perfected on McCraw Law Group*

**ATTORNEY FOR PLAINTIFF**